# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY PONCE SR., | Case No. 1:22-cv-00978-ADA-SAB-HC |
| Petitioner, | ORDER DISCHARGING ORDER TO SHOW CAUSE AND DIRECTING PETITIONER TO FILE A NOTICE TO PROCEED WITH EXHAUSTED CLAIM OR FILE A MOTION TO STAY |
| v. | |
| PATRICK COVELLO, | |
| Respondent. | (ECF No. 7) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 5, 2022, Petitioner filed a petition for writ of habeas corpus raising the following claims for relief: (1) evidence (toxicology and crime scene reports) was unlawfully withheld from the trial court; (2) ineffective assistance of trial counsel for failure to present toxicology and crime scene reports and other exculpatory evidence at trial; (3) judicial misconduct for denying Petitioner time to hire competent attorney of his choosing, denying a Marsden motion, and denying defense counsel additional time to prepare Petitioner's defense; and (4) ineffective assistance of appellate counsel for failure to raise on appeal ineffective assistance of trial counsel and the issue of the toxicology and crime scene reports. (ECF No. 1 at 5–10.) [1]

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

On August 9, 2022, the Court issued an order to show cause ("OSC") why the petition should not be dismissed for failure to exhaust state judicial remedies. (ECF No. 7.) On August 23, 2022, the Court received copies of Petitioner's petition for review filed in the California Supreme Court and the order denying the petition, which the Court construes as Petitioner's response to the OSC. (ECF No. 10.)

The petition for review presented the following questions:

1. Can a trier of fact reasonably infer the scienter and concurrence of act and mental state or intent necessary to commit rape of an unconscious or intoxicated person from evidence showing only that the defendant encountered an apparently intoxicated woman and possibly had intercourse with her at some point during an otherwise unaccounted for six-to-eight-hour period?

2. Does a trial court deprive a defendant of his right to counsel of his choice when, a week before trial is set to commence, it denies his request for time to retain counsel in a manner that effectively discourages him from retaining counsel?

(ECF No. 10 at 7 (capitalization omitted).) The petition for review also presented the following issue to exhaust state remedies: "Since consent is not a defense to charges of rape of an unconscious or intoxicated person, a court prejudicially errs by admitting evidence of prior sexual misconduct and instructing the jury it may consider such evidence to negate mistake or accident." (Id. (capitalization omitted).)

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of his claims. 28 U.S.C. § 2254(b)(1). Based on the petition for review, only the judicial misconduct claim has been exhausted. The other three claims are unexhausted.

"Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims." Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013). The Court must dismiss without prejudice a mixed petition containing both exhausted and unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so. Lundy, 455 U.S. at 522. However, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.").[2] A petitioner may also move to withdraw the entire petition and return to federal court when he has finally exhausted his state court remedies.[3]

Additionally, a petitioner may also move to stay and hold in abeyance the petition while he exhausts his claims in state court. See Rhines v. Weber, 544 U.S. 269, 277 (2005); Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2002). Under Rhines, "stay and abeyance" is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78. Under Kelly, a three-step procedure is used: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly exhausted claims. 315 F.3d at 1070–71 (citing Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 986 (9th Cir. 1998)). A petitioner's use of Kelly's three-step procedure, however, is subject to the requirement of Mayle v. Felix, 545 U.S. 644, 664 (2005), that any newly exhausted claims that a petitioner seeks to add to a

---

[2] The Court notes that "prisoners filing mixed petitions may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles," such as the bar against second or successive petitions. Burton v. Stewart, 549 U.S. 147, 154 (2007).

[3] Although the limitation period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time a federal habeas petition is pending in federal court, Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

pending federal habeas petition must be timely or relate back, i.e., share a "common core of operative facts," to claims contained in the original petition that were exhausted at the time of filing. King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009).

In light of Petitioner's response, IT IS HEREBY ORDERED that:

1. The order to show cause issued on August 9, 2022 (ECF No. 7) is DISCHARGED;

2. Within **THIRTY (30) days** of the date of service of this order, Petitioner SHALL either:

   a. Notify the Court in writing that he is willing to proceed only on the judicial misconduct claim; or

   b. Notify the Court in writing that he will withdraw the entire petition; or

   c. File a motion to stay and hold in abeyance the petition while he exhausts his unexhausted claims in state court.

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the mixed petition as unexhausted and pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **September 15, 2022**

UNITED STATES MAGISTRATE JUDGE