# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY PONCE SR., | Case No. 1:22-cv-00978-ADA-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| PATRICK COVELLO, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On August 5, 2022, Petitioner filed a petition for writ of habeas corpus. (ECF No. 1.) On August 9, 2022, the Court issued an order to show cause ("OSC") why the petition should not be dismissed for failure to exhaust state judicial remedies. (ECF No. 7.) On August 23, 2022, the Court received copies of Petitioner's petition for review filed in the California Supreme Court and the order denying the petition, which the Court construed as Petitioner's response to the OSC. (ECF No. 10.)

On September 16, 2022, the Court found that "[b]ased on the petition for review, only the judicial misconduct claim has been exhausted[, and t]he other three claims are unexhausted," and ordered that within thirty days Petitioner either notify the Court that he is willing to proceed only

on the judicial misconduct claim, notify the Court that he will withdraw the entire petition, or file a motion to stay the petition while he exhausts his unexhausted claim in state court. (ECF No. 11 at 2, 4.)[1] To date, Petitioner has not responded to the Court's order, and the time for doing so has passed.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

In his petition for writ of habeas corpus, Petitioner raises the following claims for relief: (1) evidence (toxicology and crime scene reports) was unlawfully withheld from the trial court; (2) ineffective assistance of trial counsel for failure to present toxicology and crime scene reports and other exculpatory evidence at trial; (3) judicial misconduct for denying Petitioner time to hire competent attorney of his choosing, denying a Marsden motion, and denying defense counsel additional time to prepare Petitioner's defense; and (4) ineffective assistance of appellate counsel for failure to raise on appeal ineffective assistance of trial counsel and the issue of the toxicology and crime scene reports. (ECF No. 1 at 5–10.)

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

1    Petitioner's petition for review filed in the California Supreme Court presented the
2    following questions:

>    1. Can a trier of fact reasonably infer the scienter and concurrence of act and
>       mental state or intent necessary to commit rape of an unconscious or
>       intoxicated person from evidence showing only that the defendant
>       encountered an apparently intoxicated woman and possibly had intercourse
>       with her at some point during an otherwise unaccounted for six-to-eight-hour
>       period?
>
>    2. Does a trial court deprive a defendant of his right to counsel of his choice
>       when, a week before trial is set to commence, it denies his request for time to
>       retain counsel in a manner that effectively discourages him from retaining
>       counsel?

9    (ECF No. 10 at 7 (capitalization omitted).) The petition for review also presented the following
10   issue to exhaust state remedies: "Since consent is not a defense to charges of rape of an
11   unconscious or intoxicated person, a court prejudicially errs by admitting evidence of prior
12   sexual misconduct and instructing the jury it may consider such evidence to negate mistake or
13   accident." (Id. (capitalization omitted).)

14   As the Court previously found, (ECF No. 11 at 2), only the judicial misconduct claim has
15   been exhausted. Petitioner's other three claims are unexhausted. "Federal courts may not
16   adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted
17   claims." Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013). The Court must dismiss
18   without prejudice a mixed petition containing both exhausted and unexhausted claims to give a
19   petitioner an opportunity to exhaust the claims if he can do so. Lundy, 455 U.S. at 522. However,
20   a petitioner may, at his option, withdraw the unexhausted claims and go forward with the
21   exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts
22   must provide habeas litigants with the opportunity to amend their mixed petitions by striking
23   unexhausted claims as an alternative to suffering dismissal."). A petitioner may also move to
24   withdraw the entire petition and return to federal court when he has finally exhausted his state
25   court remedies. Additionally, a petitioner may also move to stay and hold in abeyance the
26   petition while he exhausts his claims in state court. See Rhines v. Weber, 544 U.S. 269, 277
27   (2005); Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2002).

28   ///

Although given the opportunity, Petitioner has not notified the Court that he wishes to withdraw the unexhausted claims and proceed with his exhausted judicial misconduct claim or moved to stay the petition pending exhaustion of the unexhausted claims in state court. Accordingly, as "[f]ederal courts may not adjudicate mixed habeas petitions . . . containing both exhausted and unexhausted claims," Henderson, 710 F.3d at 873, the Court finds that the petition should be dismissed without prejudice.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state judicial remedies.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 20, 2022**

UNITED STATES MAGISTRATE JUDGE