# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY PONCE SR., <br><br> Petitioner, <br><br> v. <br><br> PATRICK COVELLO, <br><br> Respondent. | Case No. 1:22-cv-000978-ADA-SAB-HC <br><br> ORDER VACATING DECEMBER 21, 2022 FINDINGS AND RECOMMENDATION, GRANTING <u>RHINES</u> STAY, AND STAYING PROCEEDINGS <br><br> (ECF Nos. 12, 13) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On December 21, 2022,[1] the Court issued findings and recommendations recommending that the petition for writ of habeas corpus be dismissed for failure to exhaust state judicial remedies. (ECF No. 11.) The findings and recommendations were served on Petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendations. (Id.)

On January 6, 2023, Petitioner filed a document wherein he requests the Court to "do whatever you can for me, as I continue to exhaust !! the state remedies." (ECF No. 13 at 1.) Petitioner indicates that he has sent a petition for writ of habeas corpus to the California Supreme Court and attached a copy of the Tulare County Superior Court's November 21, 2022 order

---

[1] The findings and recommendations were signed on December 20, 2022, but not docketed until December 21, 2022.

1

1  denying Petitioner's petition for writ of habeas corpus. (ECF No. 13 at 1, 3–5.) The Court
2  construes Petitioner's filing as a motion to stay. See United States v. Qazi, 975 F.3d 989, 992–93
3  (9th Cir. 2020) ("We are specifically directed to construe pro se pleadings liberally. This duty
4  applies equally to pro se motions and with special force to filings from pro se inmates." (internal
5  quotation marks and citations omitted)); Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005)
6  ("[T]he district court must construe pro se habeas filings liberally.").

## II.

## DISCUSSION

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

In his petition for writ of habeas corpus, Petitioner raises the following claims for relief: (1) evidence (toxicology and crime scene reports) was unlawfully withheld from the trial court; (2) ineffective assistance of trial counsel for failure to present toxicology and crime scene reports and other exculpatory evidence at trial; (3) judicial misconduct for denying Petitioner time to hire competent attorney of his choosing, denying a Marsden motion, and denying defense counsel additional time to prepare Petitioner's defense; and (4) ineffective assistance of appellate counsel for failure to raise on appeal ineffective assistance of trial counsel and the issue of the toxicology and crime scene reports. (ECF No. 1 at 5–10.) Here, as found in the findings and recommendation, only the judicial misconduct claim has been exhausted. Petitioner's other three claims are unexhausted. (ECF No. 12 at 3.)

The "total exhaustion rule" requires a district court to dismiss "mixed petitions"—that is, "habeas petitions containing both unexhausted and exhausted claims." Rose v. Lundy, 455 U.S.

509, 510, 522 (1982). The Supreme Court has recognized, however, that a district court has discretion to stay a mixed petition "to allow the petitioner to present unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." Rhines v. Weber, 544 U.S. 269, 271–72, 277 (2005). Under Rhines, "stay and abeyance" is available only in "limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78.

"The caselaw concerning what constitutes 'good cause' under Rhines has not been developed in great detail." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017). "The Supreme Court has addressed the issue only once, when it noted that a 'petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'" Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)).[2] The Ninth Circuit has "held that good cause under Rhines does not require a showing of 'extraordinary circumstances,' Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005), but that a petitioner must do more than simply assert that he was 'under the impression' that his claim was exhausted, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)." Dixon, 847 F.3d at 720.

"A petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." Dixon, 847 F.3d at 720. Thus, the Ninth Circuit has found that for federal habeas petitioners who conducted their state post-conviction proceedings pro se, "the first element of the Rhines test can easily be established to the extent that they were without counsel." Id. at 722. Here, it appears that Petitioner has been conducting his state post-conviction proceedings pro se. (ECF No. 13 at 1.) Accordingly, the Court finds that Petitioner has satisfied Rhines's good cause requirement.

---

[2] In Pace, the Supreme Court noted that a solution to the "predicament" of "a 'petitioner trying in good faith to exhaust state remedies . . . litigat[ing] in state court for years only to find out at the end that he was never "properly filed,"' and thus that his federal habeas petition is time barred" is "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416 (citations omitted).

1    "A federal habeas petitioner [also] must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon, 847 F.3d at 722. "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" Id. (quoting Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005)). At least one of Petitioner's unexhausted claims appears on its face to not be "plainly meritless." Petitioner alleges that his trial counsel rendered ineffective assistance when counsel failed to present toxicology and crime scene reports and other exculpatory evidence at trial. (ECF No. 1 at 7.) See Hart v. Gomez, 174 F.3d 1067, 1070 (9th Cir. 1999) ("A lawyer who fails adequately to investigate, and to introduce into evidence, records that demonstrate his client's factual innocence, or that raise sufficient doubt as to that question to undermine confidence in the verdict, renders deficient performance.").

As set forth above, Petitioner has established "good cause" for his failure to exhaust, and at least one of his unexhausted claims appears on its face to not be "plainly meritless." Finally, there is no indication in the record that Petitioner engaged in "intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. Accordingly, the Court finds that a stay is warranted.

"Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters, in § 2254 proceedings." Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "[A] motion to stay and abey section 2254 proceedings is generally (but not always) dispositive of the unexhausted claims." Mitchell, 791 F.3d at 1171. "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Id. at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "[A] motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" Mitchell, 791 F.3d at 1170 (second and third alterations in original) (quoting S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013)).

Here, granting a stay "[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought." Mitchell, 791 F.3d at 1170 (internal quotation marks and citation omitted). See Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015) (analogizing a motion to stay to a motion to amend and noting that "the dispositive nature of a magistrate judge's decision on a motion to amend can turn on the outcome" and a "magistrate judge's decision to *grant* a motion to amend is not generally dispositive"). Accordingly, the Court has authority to grant a stay in the present matter.

## III.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. The findings and recommendation issued on December 21, 2022, is VACATED;
2. This matter is STAYED pursuant to Rhines v. Weber, 544 U.S. 269 (2005), pending exhaustion of state remedies;
3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order and every ninety (90) days thereafter; and
4. Within thirty (30) days following the final order of the state courts, Petitioner shall notify the Court that the unexhausted claims have been exhausted and request that the stay be lifted and the case proceed.

Petitioner is forewarned that failure to comply with this order will result in the Court vacating the stay.

IT IS SO ORDERED.

Dated: __**April 14, 2023**__

UNITED STATES MAGISTRATE JUDGE